J-S42022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| NAFIS ANTUAN FAISON, | : | |
| | : | |
| Appellant | : | No. 1423 MDA 2017 |

Appeal from the PCRA Order July 13, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000126-2014

BEFORE: BOWES, J., MCLAUGHLIN, J. and STRASSBURGER[*], J.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED DECEMBER 03, 2018**

I agree with the Majority that Faison was not prejudiced by trial counsel's failure to file a motion to suppress and therefore the PCRA court order should be affirmed. However, under the circumstances of this case, I believe it is prudent to address also the reasonable basis prong of the ineffective-assistance-of-counsel test as an alternative basis for affirming the order of the PCRA court.

It is well settled that "to prove counsel ineffective, the [PCRA] petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. A claim of ineffectiveness will be

_____

[*] Retired Senior Judge assigned to the Superior Court.

denied if the petitioner's evidence fails to satisfy any one of these prongs."

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (internal

citations and quotation omitted).

My review of the record reveals that trial counsel did not file a motion

to suppress because Appellant himself directed trial counsel not to do so.

According to PCRA counsel, he spoke to trial counsel several times, and trial

counsel communicated the following.

> [Trial counsel] made it clear that [Faison] communicated to [trial counsel] that of primary concern to [Faison] was the avoidance of delay in this matter.  Specifically, [Faison was] focused on Rule 600 and [his] right to a speedy trial and, therefore, [he] did not want any pre-trial motions filed on [his] behalf.  It is well within [Faison's] discretion to direct your attorney to not file any pre-trial motions.

***Turner***/***Finley*** Letter, 5/9/2017, at 3 (unnumbered).[1]

Based on the foregoing, it is clear that trial counsel had an objectively

reasonable basis not to file a motion to suppress on Faison's behalf.

---

[1] Here, the PCRA court misconstrues these statements.  The PCRA court states that "Faison directed his attorney not to file any pre-trial motions in the hopes of obtaining relief pursuant to Rule 600 and has not raised any dispute as to that fact." PCRA Court Opinion, 6/22/2017, at 5; ***see also***, PCRA Court Opinion, 10/20/2017, at 1 ("On appeal, Mr. Faison raised three issues involving ineffective assistance of trial counsel for the failure to file pre-trial motions to suppress when Mr. Faison himself directed his attorney not to pursue pretrial motions to suppress and instead hoped to become eligible for relief pursuant to Rule 600."). ***See also***, Majority at 7 (same).  It is clear that Appellant was not hoping to become eligible for relief pursuant to Rule 600, nor did he want trial counsel to file a motion to dismiss pursuant to Rule 600; rather, he was seeking to move his case along as quickly as possible.

Accordingly, I would conclude that Faison's ineffective-assistance-of-counsel claim fails for that reason.